**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:04CR0595-2** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **ROCCO COVIELLO,** | ) | |
| | ) | |
| Defendant. | ) | <u>**ORDER**</u> |

On January 03, 2006, Rocco Coviello, Defendant, filed a motion to dismiss the indictment and charges against him for violation of his right to a speedy trial. (Docket No. 530.) For the following reasons, the motion is **DENIED**.

### I. Factual Background

On December 8, 2004, a multi-count indictment was filed charging Rocco Coviello with:

(1) one count of violating 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute marijuana and cocaine);

(2) one count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(D) (possession with intent to distribute marijuana);

(3) one count of violating 18 U.S.C. 1956(a)(1)(A)(i) and 2 (conspiracy to commit money laundering); and

(4) one count of violating 18 U.S.C. § 1956(h) (money laundering).

(Docket No. 1.)

On December 09, 2004, Coviello was arrested.  On February 02, 2005, he was arraigned and entered a plea of not guilty.  (Docket No. 130.)  On March 04, 2005, the Court held a pretrial conference where the parties indicated that they were in plea negotiations.  (Docket No. 180.)  Indeed, over the next few months, the government sent Coviello a proffer letter (03/18/05); Coviello met with federal agents (05/10/05); and the government offered a proposed plea agreement (06/30/05).  (Docket No. 417, at 3.)  As late as August 12, 2005, the parties were still attempting to settle the case.  Id.  Also during this period of time, Coviello and the government entered into two agreements regarding the forfeiture of various properties.  (Docket Nos. 369, 406.)

On August 02, 2005, the Court set a trial date for September 07, 2005.  (Docket No. 385.)  On August 24, 2005, the government filed a motion to qualify an expert witness. (Docket No. 417.)  On September 8, 2005, Coviello filed a response, indicating that he did not object to the government's expert witness.  (Docket No. 433.)

On October 05, 2005, the Court held an additional pretrial conference at the insistence of the parties and issued minutes indicating that the parties were still engaged in plea negotiations. (Docket No. 457.)  In fact, at the request of the parties, the Court set a change of plea hearing for October 14, 2005.  (Docket No. 460.)  However, at the hearing, Coviello decided not to change his plea.  (Docket No. 465.)  Thus, plea negotiations ended on October 14, 2005.  Without objection from either party, the Court set a trial date for December 12, 2005.  (Docket No. 466.)

On November 29, 2005, this case was transferred to the Honorable Dan Aaron Polster due the hospitalization of the presiding judge and the Court held an additional pretrial conference. (Docket No. 502.)  Again, without objection from either party, the Court granted an

ends of justice continuance and set a trial date for January 11, 2006. (Docket No. 509.) To date, the Defendant remains in custody.

## II. Legal Analysis

The Speedy Trial Act states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Act provides the flexibility necessary to conduct fair criminal trials by allowing for exclusions for various pretrial proceedings. See 18 U.S.C. § 3161(h)(1)-(9). However, the list of proceedings provided in the statute is not exhaustive. See United States v. Bowers, 834 F.2d 607, 609-10 (6th Cir. 1987). Indeed, the Sixth Circuit has held that plea negotiations are specifically excluded from the speedy trial calculation as "other proceedings" under 18 U.S.C. § 3161(h)(1).[1] Id. In calculating the relevant time period, the Act also allows for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Accordingly, an exclusion as to one defendant applies to all co-defendants. United States v. Holyfield, 802 F.2d 846, 848 (6th Cir. 1986). Thus, all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. United States v. Blackmon, 874 F.2d 378, 380 (6th Cir. 1989).

---

[1] This exclusion is different from the one enunciated in 18 U.S.C. § 3161(h)(1)(i), which allows for "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."

Here, Coviello was indicted on December 08, 2004 and had his initial appearance in Florida on December 09, 2004. Because his initial appearance occurred later, the speedy trial clock began on December 09, 2004. See United States v. Mentz, 840 F.2d 315, 326 (6th Cir. 1988); 18 U.S.C. § 3161(c)(1). However, because this is a multi-defendant case, the clock did not begin to run until the latest co-defendant had his initial appearance. Blackmon, 874 F.2d at 380. Here, Defendant Glen Swofford, the latest co-defendant, initially appeared on February 14, 2005. (Docket No. 186-1.) An initial appearance date is excluded from the speedy trial calculation. Id. Thus, the clock actually began to run in this case on February 15, 2005.

On March 04, 2005, the Court held a pretrial conference, which is excluded from the speedy trial calculation. Mentz, 840 F.2d at 326; 18 U.S.C. § 3161(h)(1). Seventeen (17) non-excludable days had expired. The parties represented to the Court that they were engaged in active plea negotiations. (Docket No. 180.) Indeed, over the next few months, the government sent Coviello a proffer letter (03/18/05); he met with federal agents (05/10/05); the government sent him a proposed plea agreement (06/30/05); and the parties entered into two separate agreements regarding the forfeiture of properties owned by Coviello. (Docket Nos. 369, 406, 417.) In fact, as late as October, the parties were still attempting to settle the case and at the request of the parties, the Court set a change of plea hearing for October 14, 2005. (Docket Nos. 457, 460.) However, on October 14, 2005, Coviello decided not to change his plea.[2]

---

[2]   Also, during this period of time, the Court dealt with no less than eighteen (18) substantive motions and motions to continue, each of which account for additional exclusions. (Docket Nos. 177, 185, 188, 227-31, 250, 253, 264, 266, 283, 306-07, 361, 379, 417.) However, because the Court concludes that this entire period is excludable because of plea negotiations, the Court finds it unnecessary to perform an additional calculation.

-4-

Coviello concedes that October 14, 2005 is the most logical date to conclude that the clock had restarted. (Docket No. 530, at 4.)[3] However, because the date of the pretrial conference is excluded, the clock actually restarted on October 15, 2005. Mentz, 840 F.2d at 326; 18 U.S.C. § 3161(h)(1). The Court, with no objection from either party, set a trial date for December 12, 2005. (Docket No. 466.) Still, only seventeen (17) non-excludable days had expired.

On November 29, 2005, the Court held an additional pretrial conference, which is excluded from the speedy trial calculation. Mentz, 840 F.2d at 326; 18 U.S.C. § 3161(h)(1). Forty-three (43) additional days had expired, bringing the total non-excludable days to sixty (60).[4] Again, with no objection from either party, the Court granted an ends of justice continuance and set a trial date for January 11, 2006.[5] (Docket No. 509.) To date, sixty (60) non-excludable days have expired. Thus, no violation of the Speedy Trial Act has occurred.

Coviello, relying on the Court's June 30, 2005 order, argues that between the period of February 15, 2005 and October 14, 2005, twenty-nine (29) days, as opposed to seventeen (17)

---

[3] Coviello states that October 14, 2005 is the most "conservative" date and suggests that the clock may have restarted well before this date. (Docket No. 530, at 4.) However, he provides no argument to support this assertion, stating only that he relies on the October 14, 2005 date for "simplicity."

[4] On November 29, 2005, this case was transferred due to the long term illness of the presiding judge, which re-surfaced on November 3, 2005 and contributed to the delay in this case. Illness of the trial judge was clearly intended to be considered in determining whether the failure to grant a continuance would make "continuation of [the] proceeding impossible." See United States v. Richmond, 735 F.2d 208, 215 (6th Cir. 1984). However, the presiding judge's illness prevented him from issuing an ends of justice continuance excluding the period between November 3, 2005 and November 29, 2005.

[5] Coviello concedes that the period following this pre-trial conference is excludable. (Docket 530, at 5.)

days, had expired. Admittedly, when calculating the speedy trial calculation for Defendant Swofford, the Court previously concluded that twenty-nine (29) non-excludable days had expired during this period. (Docket No. 339, at 3.) However, in doing so, the Court did not take into account the fact that Coviello had begun plea negotiations with the government on March 04, 2005. Plea negotiations are specifically excluded from the speedy trial calculation. Bowers, 834 F.2d at 609-10. Indeed, it would be completely disingenuous for Coviello to actively engage in plea negotiations for several months with the government and then argue that part of that time should factor into his speedy trial calculation.

The Court recognizes that when setting aside an excludable period of time for plea negotiations, the preferred practice is to set a plea negotiation cutoff date. See United States v. Hill, 1999 U.S. App. LEXIS 168, *8 n.3 (6th Cir. Jan. 4, 1999). The Court refrained from doing so here given the complexity of this case. Indeed, this case involves a complex drug conspiracy with 25 named defendants. There are seven counts and 146 overt acts set forth in the indictment. The investigation alone took a year and a half and resulted in over 1000 intercepted phone calls. To date, after extensive plea negotiations throughout this period, nineteen defendants have entered pleas of guilty,[6] one defendant is still at large, one defendant was dismissed, one defendant has absconded, and the remaining three defendants have agreed to change their pleas at a date uncertain. Thus, the Court gave all parties the flexibility necessary to bring their cases to a resolution.

---

[6] The fact that additional defendants were in plea negotiations and entered pleas of guilty throughout this period provides additional support that this period should be excluded due to ongoing plea negotiations.

Here, Coviello participated in these negotiations until October 14, 2005 when he formally rejected the proposed plea agreement. He should not be allowed to lull the Court and the prosecution into a false sense of security that a change of plea would be pending, which prompted the Court to set a change of plea date as late as October 14, 2005, only to turn around and use that time to calculate into his speedy trial calculation.

### IV.  Conclusion

For the foregoing reasons, the motion to dismiss (Docket No. 530) is **DENIED**.

**IT IS SO ORDERED.**

**Date: January 11, 2006**              */s/ Dan Aaron Polster*
                                         **UNITED STATES DISTRICT JUDGE**