## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:04 CR 595-2 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| ROCCO COVIELLO, | ) | |
| | ) | |
| Defendant. | ) | |

At the end of November 2005, this case was transferred to my docket by my late colleague, District Judge John M. Manos. *ECF No. 502*. On January 3, 2006, Defendant Rocco Coviello filed a motion to dismiss the indictment and drug-trafficking conspiracy charges against him for violating his right to a speedy trial. *ECF No. 530*. On January 11, 2006, the Court denied the motion. *ECF No. 538*. Defendant proceeded to trial on January 11, 2006. *See non-document entry of 1/11/06, Minutes of Proceeding*. In the midst of trial, Defendant entered a conditional guilty plea, preserving his right to appeal the Court's denial of his motion to dismiss the indictment. *See non-document entry of 1/17/06, Minutes of Proceeding*. Defendant was subsequently sentenced to 360 months in prison followed by 5 years of supervised release. *ECF No. 596.*

Defendant timely appealed the Court's denial of his motion to dismiss. The Sixth Circuit determined that there were 295 days between the day the speedy trial clock began to run (i.e., March 23, 2005, the date the last codefendant joined for trial was arraigned) and the day the clock stopped (i.e., January 11, 2007, the date Coviello's trial began). *See generally ECF No. 720.* Because of the 70-day limit imposed by the Speedy Trial Act, 18 U.S.C. § 3161(h), the court concluded that it was incumbent upon the government to prove that there were at least 225 excludable days to reduce the time between the initial appearance and trial to within the 70-day limit imposed by the Act. After reviewing the record, the court calculated 192 excludable days – or 33 days short of the excludable-day minimum. It rejected the government's argument, and this Court's finding, that the parties were engaged in active plea negotiations from March 4, 2005 to October 14, 2005 (giving rise to 206 excludable days which, when added to the 43 excludable days for an "ends of justice" trial continuance, brought Defendant to trial within the 70-day limit imposed by the Act). Although the Sixth Circuit had "no doubt that extensive plea bargaining between Defendant (as well as his co-defendants joined for trial) and the government *did* occur in this case and that time should be excluded from his speedy trial clock," the court concluded that the district court clearly erred when it relied on a few docket entries and unsworn statements of the government, without conducting a hearing, when finding that active plea negotiations constituted 206 excludable days. *Id.* at 10. Noting that the Speedy Trial Act "demands a day-by-day accounting for excludability," the court vacated this Court's ruling and remanded the case "for such proceedings as are necessary to determine whether Defendant (or any codefendant joined for trial) was engaged in active plea negotiations with the government on days not otherwise excludable by our calculation." *Id.* at 10-11.

-2-

On reconsideration, the panel issued an Amended Opinion finding that it had neglected to properly exclude an additional 26 days to the speedy trial calculation. *See generally ECF No. 722*. This number, when added to the original 192 excludable days, totaled 218 excludable days – still 7 days short of the 225 excludable-day minimum to fall within the Speedy Trial Act. Accordingly, it remanded the case for further proceedings as described above.

On remand, the Court held a teleconference with counsel and asked them to focus their attention on the days in 2005 that had not already been excluded by the Sixth Circuit in the speedy trial calculation; i.e., April 20 through April 21 (two days); April 23 through April 25 (three days), May 28 through April 30 (three days), June 1 through 3 (three days), June 9 through June 15 (seven days), July 21 through August 1 (three days), August 3 through August 5 (three days), August 12 through August 18 (seven days), and October 15 through November 29 (46 days). *See non-document Minute Order of 8/5/08; ECF No. 727*. The Court asked the government to look for transmittal letters, correspondence and notes of conversations to determine whether they reflected ongoing plea negotiations with Defendant or any of his codefendants joined for trial on these particular days; and to file a brief with affidavits and supporting documents reflecting the results. The Court issued a scheduling order with a briefing schedule and a hearing date.

On October 2, 2008, the government filed a brief setting forth in detail the numerous exchanges, evidenced by 62 pages of documents, between the government and counsel for Defendant and his codefendants reflecting ongoing plea negotiations from March 2005 through October 14, 2005. *See ECF No. 728 and attachments*. These documents specifically show that the government was engaged in active plea negotiations with Defendant and the

-3-

relevant codefendants on 31 of the aforementioned 77 days identified by me as not included by the Sixth Circuit in its calculation of excludable days. Put another way, the government identified 24 excludable days more than the 7 additional excludable days required by the Sixth Circuit to fall within the Act. *Id.*

Defendant filed a brief acknowledging that the government's math was correct and stating that he did not dispute the correctness or authenticity of the supporting documents. *See ECF No. 732*, at 2. Rather, Defendant rested on the legal argument that none of the calculations or evidence mattered since the Court failed to make contemporaneous findings justifying the delay. *Id.*

At a hearing held on December 16, 2008, counsel reiterated the positions expressed in their briefs. Counsel for the government swore to the authenticity and accuracy of all of the exhibits to the government's memorandum which evidenced the active plea discussions on the 31 additional days in question. I noted that Defendant's argument that the indictment should still be dismissed because District Judge Manos had failed to make contemporaneous findings in 2005 was foreclosed by the Sixth Circuit, which required me to further delve into the record and determine whether there were at least seven more excludable days. If the absence of contemporaneous findings would have *per se* required dismissal of the indictment, no remand would have been necessary. I explained that the Sixth Circuit held that there were no doubt extensive plea discussions, but that I had failed to make sufficient factual findings regarding excludable days. Because the government had shown that there were at least 31 additional excludable days, and Defendant did not dispute the numbers or the evidence, that was a sufficient basis upon which to deny the motion to dismiss the indictment.

-4-

Accordingly, the motion to dismiss indictment (**ECF No. 530**) is hereby

**DENIED**.

**IT IS SO ORDERED.**

**Dan Aaron Polster**
**United States District Judge**