# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ROCCO COVIELLO,** | ) Case No. 1:11-CV-2030 |
| | ) Criminal Case No. 1:04-CR-595 |
| Petitioner, | ) |
| | ) Judge Dan Aaron Polster |
| vs. | ) |
| | ) **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** | ) **AND ORDER** |
| | ) |
| Respondent. | ) |

Pending before the Court is Petitioner Rocco Coviello's *pro se* motion under 28 U.S.C. §2255 to vacate his conviction and sentence. The motion was filed on September 26, 2011 (**Doc. # 1**).

I.

On December 18, 2004, Petitioner was indicted on four counts of drug distribution and money laundering. (1:04-CR-595, Doc. # 1).[1] On January 3, 2006, Petitioner filed a motion to dismiss the indictment for violation of the Speedy Trial Act. (Doc. # 530). The Court denied the motion on January 11, 2006. (Doc. # 538).[2]

On January 17, 2006, Petitioner entered a conditional guilty plea on all four counts. (See non-document entry of 01/17/06, Minutes of Proceeding). The plea was conditioned on

---

[1] All document references, except for the instant motion, are from the criminal case, No. 1:04-CR-595.

[2] Petitioner's criminal case was transferred to this Court on November 29, 2005, because of the hospitalization of the presiding judge, the late District Judge John M. Manos.

Petitioner's right to appeal the denial of his motion to dismiss.  On April 5, 2006, the Court sentenced Petitioner to a prison term of 360 months followed by five years of supervised release. (Doc. # 592).

Petitioner timely filed his appeal with the Sixth Circuit.  The Sixth Circuit vacated the Court's denial of Petitioner's motion to dismiss and remanded the case to the Court with the directive to make factual findings regarding the number of days Petitioner was engaged in active plea negotiations.  Coviello v. United States, 287 Fed. Appx. 503, No. 06-3675 (6th Cir. 2008) (per curiam).  The Court held a hearing on December 18, 2008, and subsequently denied the motion to dismiss.  (Doc. # 742).

Petitioner appealed that decision, which the Sixth Circuit affirmed on March 12, 2010. Coviello v. United States, No. 09-3011 (6th Cir. Mar. 12, 2010).  Petitioner requested en banc rehearing, which was denied on June 24, 2010, and did not appeal to the United States Supreme Court.  Id.  On September 26, 2011, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255.

II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  Id.  To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Nagi

v. United States, 90 F.3d 130, 133–34 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge who receives the § 2225 petition to promptly examine it and the records and transcripts of prior proceedings related to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Id. Having examined the § 2255 petition and having reviewed the records and transcripts relating to the judgment under attack, the Court concludes that Petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the following reasons.

III.

Petitioner states three grounds for relief. The first ground alleges a violation of the Speedy Trial Act. Petitioner argues that, on direct appeal, the Sixth Circuit made erroneous conclusions and was factually incorrect in its ruling on his Speedy Trial Act claim.

Non-constitutional errors are not ordinarily cognizable on collateral review. United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000); United States v. Frady, 456 U.S. 152, 180 n. 2 (1982). A petitioner must assert his claims in the ordinary course of trial and on direct appeal. Cofield 233 F.3d at 407. In fact, that is what Petitioner did. He raised his Speedy Trial Act claims once in a motion to dismiss and twice on direct appeal. Accordingly, ground one fails because it is not cognizable on collateral review.

In his second ground for relief, Petitioner suggests that Bloate v. United States, 130 S. Ct. 1345 (2010), compels a result different from what the Sixth Circuit did when it affirmed the Court's denial of Petitioner's motion to dismiss. The Sixth Circuit issued its opinion on March 12, 2010. Bloate was decided four days prior on March 8, 2010.

The Sixth Circuit did not mention Bloate in its opinion, and that makes sense. Bloate addressed the narrow question of "whether time granted to a party to *prepare* pretrial motions is automatically excludable from the Act's 70-day limit under subsection (h)(1)." Id. at 1349 (original emphasis). The Supreme Court answered no, but held that preparation time may be excluded when a district court enters appropriate findings under 18 U.S.C. § 3161(h)(7). The issue in Bloate was not before the Sixth Circuit, as Petitioner did not raise it. Bloate was therefore not relevant to the Sixth Circuit's decision, and the Sixth Circuit had no reason to cite the case. In any event, Petitioner's second ground for relief also alleges a non-constitutional error and is, accordingly, not cognizable on collateral review.

Petitioner's third alleged ground for relief is ineffective assistance of counsel. Petitioner claims that time spent in plea negotiations is excludable only if the court makes a contemporaneous "ends of justice" finding and that his attorney was constitutionally ineffective for not making this argument. In fact, Petitioner's attorney *did* make this argument. (See Doc. # 742, at 4.) Nonetheless, the Court found that the argument was foreclosed by the first Sixth Circuit opinion, dated July 29, 2008, which held that there were extensive plea discussions during the timeframe in question but that the Court had failed to make sufficient factual findings regarding excludable days. (Id.) The Sixth Circuit's decision to remand was *not* based on a lack of contemporaneous "ends of justice" findings. Indeed, if the absence of contemporaneous "ends

of justice" findings would have automatically required dismissal of the indictment, then the Sixth Circuit would have had no reason to remand. The Sixth Circuit agreed with this conclusion in its second opinion, dated March 12, 2010, in which it held that the argument about the need to make contemporaneous findings was barred by the law-of-the-case doctrine. Coviello v. United States, No. 09-3011 (6th Cir. Mar. 12, 2010). In any event, there was no prejudice to Petitioner, as this Court already found–and the Sixth Circuit agreed–that the time spent on plea negotiations was properly excludable from the 70-day time limit.

IV.

Accordingly, because it plainly appears from the motion and the prior proceedings that Petitioner is not entitled to relief under 28 U.S.C. §2255, the motion is **SUMMARILY DISMISSED** under Rule 4(b).

**IT IS SO ORDERED.**

                                                  /s/Dan Aaron Polster 10/18/11
                                                  **Dan Aaron Polster**
                                                  **United States District Judge**